IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| THE WILLIAMS-CARVER COMPANY, )<br>    Plaintiff, )<br> )<br>v. )<br> )<br>ROBERT W. VENTURI d/b/a VENTURI )<br>GROUP and/or MARENGO WAREHOUSE )<br>& DISTRIBUTION CENTER, )<br>    Defendant. )<br> )<br> )<br>VENTURIGROUP, INC.,[1] )<br>    Counterclaim Plaintiff, )<br> )<br>v. )<br> )<br>THE WILLIAMS-CARVER COMPANY, )<br>    Counterclaim Defendant. ) | Case No. 04-2088-CM |

## ANSWER AND COUNTERCLAIM

Defendant, Robert W. Venturi ("Venturi"), by counsel, answers plaintiff's petition as follows:

### Response to General Allegations

1.    Answering paragraph 1 of plaintiff's petition, upon information and belief based upon the records maintained by the Kansas secretary of state, Venturi denies that plaintiff is a Kansas corporation.  Venturi admits that plaintiff has offices in Kansas City, Kansas.

2.    Venturi admits that he is an individual who may be found at 320 S. Eleventh Street, Mt. Vernon, Illinois  62864.  Venturi denies that he does business as Venturi Group and/or Marengo Warehouse & Distribution Center.

---

[1] Venturigroup, Inc. has filed a motion to be added to this case so that it may assert this counterclaim.  That motion is pending.  The assertion of this counterclaim is predicated on the assumption that Venturigroup, Inc.'s motion will be granted.

3. Venturi denies the allegations set forth in paragraph 3 of plaintiff's petition, except that Venturi admits that plaintiff entered into a contract to perform refrigeration work at the Marengo Warehouse & Distribution Center, 300 E. Union St., Marengo, Indiana.

4. Venturi denies the allegations set forth in paragraph 4 of plaintiff's petition.

5. Venturi denies the allegations set forth in paragraph 5 of plaintiff's petition.

6. Venturi denies the allegations set forth in paragraph 6 of plaintiff's petition.

7. Venturi denies the allegations contained in paragraph 7 of plaintiff's petition.

### Response to Count I
### (Breach of Contract)

8. Answering paragraph 8 of plaintiff's petition, Venturi restates, realleges and reincorporates by reference all of his answers to the allegations set forth in paragraphs 1 through 7 of plaintiff's petition.

9. Venturi denies the allegations set forth in paragraph 9 of plaintiff's petition.

### Response to Count II
### (Quantum Meruit)

10. Answering paragraph 10 of plaintiff's petition, Venturi restates, realleges and reincorporates by reference all of his answers to the allegations set forth in paragraphs 1 through 9 of plaintiff's petition.

11. Venturi denies the allegations set forth in paragraph 11 of plaintiff's petition.

12. Venturi denies the allegations set forth in paragraph 12 of plaintiff's petition.

### Response to Count III
### (Suit on Account)

13. Answering paragraph 13 of plaintiff's petition, Venturi restates, realleges, and reincorporates by reference all of his answers to the allegations set forth in paragraphs 1 through 12 of plaintiff's petition.

14. Venturi denies the allegations set forth in paragraph 14 of plaintiff's petition.

15. Venturi denies the allegations set forth in paragraph 15 of plaintiff's petition.

### AFFIRMATIVE DEFENSES

By asserting the following defenses, it should not be inferred that Venturi is assuming the burden of proof as to any matter on which plaintiff bears the burden of proof.

1. Plaintiff's petition, and each count therein, fails to state a claim upon which relief can be granted.

2. Plaintiff's equitable claims are barred due to the fact that there existed a written contract for the work to be performed by plaintiff.

3. Plaintiff's claims are barred due to plaintiff's prior material breaches of its contract.

4. Plaintiff's claim is barred by failure of consideration.

## COUNTERCLAIM

Venturigroup, Inc. ("Venturigroup"), for its counterclaim against The Williams-Carver Company ("Carver") states:

### Jurisdiction and Venue

1. The jurisdiction of the United States District Court for the District of Kansas in this cause is grounded upon diversity of citizenship of the parties as set forth in 28 U.S.C. §1332 in that the matter in controversy exceeds the sum or value of Seventy-five Thousand Dollars ($75,000.00), exclusive of interest and costs, and because Venturigroup is a citizen of a different state than Carver.

2. The counterclaim plaintiff, Venturigroup, Inc., is an Illinois corporation with its principal place of business in Illinois.

3. The counterclaim defendant is, upon information and belief, a Missouri corporation with its principal place of business in the state of Kansas.

4. Venue of this cause is proper pursuant to 28 U.S.C. §1391(a) because of this Court's prior ruling concerning venue.

### General Allegations

5. On or about October 3, 2001, Venturigroup entered into an agreement according to which Carver was to refrigerate approximately 180,000 square feet in the Marengo Warehouse to a temperature of 0 to -5 degrees Fahrenheit ("promised temperature") within ninety (90) days of the final installation of the equipment ("Agreement").

6. At all times relevant herein, Bob Dyer was an agent of Carver.

7. At all times relevant herein, Carver and Bob Dyer formed an association to carry out a single business enterprise for profit.

8. At all times relevant herein, Carver and Bob Dyer had an express or implied contract providing for a community of interest.

9. At all times relevant herein, Carver and Bob Dyer had joint or mutual control concerning the direction and governance of the Agreement.

10. At all times relevant hereto, Carver and Bob Dyer had an express or implied contract that provided for a sharing of profits, to-wit: Bob Dyer, by receiving "consulting" fees directly from Venturi and, Carver, by receiving fees pursuant to the Agreement.

11. Because Bob Dyer was at all times relevant an agent of Carver, Carver is liable for the actions of Bob Dyer.

12. Because Carver and Bob Dyer formed a joint venture, Carver is liable for the acts of said joint venture in the performance of the Agreement.

### Count One

13. The foregoing paragraphs numbered (1) through twelve (12) are incorporated into this Count One as though fully set forth herein.

14. Pursuant to the Agreement, Carver had a duty to design and construct the refrigeration system located at the Marengo Warehouse in a workmanlike manner.

15. Carver negligently and carelessly constructed and designed the refrigeration system in breach of the Agreement in that the construction and design by Carver was not in conformity with good and proper construction and design practices.

16. As a result of the negligence and breach of contract of Carver, Venturigroup has been damaged.

WHEREFORE, Venturigroup, Inc. requests judgment against The Williams-Carver Company in an amount that will fairly and adequately compensate Venturigroup, Inc. for its damages, including, but not limited to, consequential damages, lost profits, and for all other proper relief.

## **Count Two**

17. The foregoing paragraphs numbered (1) through sixteen (16) are incorporated into this Count Two as though fully set forth herein.

18. Pursuant to the Agreement, Carver had a duty to provide equipment that was not defective.

19. The equipment provided by Carver, installed by Carver and/or installed under the supervision of Carver, was defective and not suitable for the purpose of the Agreement.

20. As a result of Carver's providing defective and non-suitable equipment, Venturigroup suffered damages, including but not limited to, the repair of the defective equipment, consequential damages, and lost profits.

WHEREFORE, Venturigroup, Inc. requests judgment against The Williams-Carver Company in an amount that will fairly and adequately compensate Venturigroup, Inc. for its damages, including, but not limited to, consequential damages, lost profits, and for all other proper relief.

## Count Three

21. The foregoing paragraphs numbered (1) through twenty (20) are incorporated into this Count Three as though fully set forth herein.

22. Prior to entering into the Agreement, Carver promised Venturigroup that the Marengo Warehouse facility would reach the promised temperature within ninety (90) days from the installation of the freezer equipment.

23. Venturigroup reasonably relied on Carver's promise that the Marengo Warehouse would reach the promised temperature within ninety (90) days from the installation of the freezer equipment.

24. Venturigroup relied upon Carver's promise to its detriment.

25. The freezer did not reach the promised temperature within ninety (90) days from the date of the installation of the freezer equipment.

26. As a result of Venturigroup's reliance upon Carver's promise and Carver's breach thereof, Venturigroup incurred damages including, but not limited to, consequential damages and lost profits.

WHEREFORE, Venturigroup, Inc. requests judgment against The Williams-Carver Company in an amount that will fairly and adequately compensate Venturigroup, Inc. for its damages, including, but not limited to, consequential damages, lost profits, and for all other proper relief.

## Count Four

27. The foregoing paragraphs numbered (1) through twenty-six (26) are incorporated into this Count Four as though fully set forth herein.

28. Carver made additional and continuing promises that the Marengo Warehouse would reach the promised temperature within ninety (90) days of the freezer equipment being installed.

29. Said oral promises constitute part of the Agreement between Venturigroup and Carver because there exists no integration and/or merger clause in the Agreement.

30. Carver failed to cause the Marengo Warehouse to reach the promised temperature within ninety (90) days.

31. Carver's failure to cause the Marengo Warehouse to reach the promised temperature within ninety (90) days of the installation of the freezer equipment is a breach of the Agreement.

32. Venturigroup has been damaged by the breach of the Agreement.

WHEREFORE, Venturigroup, Inc. requests judgment against The Williams-Carver Company in an amount that will fairly and adequately compensate Venturigroup for its damages, including, but not limited to, consequential damages, lost profits, and for all other proper relief.

## JURY DEMAND

Defendant Robert Venturi and Counterclaim Plaintiff Venturigroup, Inc. demand trial by jury on all issues for which a jury trial is permitted.

Respectfully submitted,

LATHROP & GAGE L.C.

BY: ____s/ W. Joseph Hatley_____
    W. Joseph Hatley (KS #12929)
    Rebecca J. King (KS #21180)
    Building 82, Suite 1000
    10851 Mastin Boulevard
    Overland Park, Kansas 66210-1669
    Telephone:  913-451-5100
    Telecopier:  913-451-0875
    E-mail:     jhatley@lathropgage.com
                rking@lathropgage.com
    Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of June, 2004, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to the following and I placed in the United States mail, postage prepaid, a copy of the foregoing, addressed to:

Matthew R. Hale
700 West 47th Street, Suite 1000
Kansas City, Missouri 64112
ATTORNEY FOR PLAINTIFF

    ____s/ W. Joseph Hatley_____
    Attorney for Defendant